## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JOHNNY RAY CHANDLER,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 16-1908 (BAH)
                                        )
FEDERAL BUREAU OF PRISONS, *et al.*,    )
                                        )
            Defendants.                 )
_____ )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on the defendants' Motion to Dismiss or, in the

Alternative, for Summary Judgment, ECF No. 7. For the reasons discussed below, the Court will

grant the motion.

## I. BACKGROUND

At all times relevant to the complaint, the plaintiff was in the custody of the Federal

Bureau of Prisons ("BOP") and incarcerated at the Administrative Maximum United States

Penitentiary in Florence, Colorado ("ADX Florence"). *See* Mem. of P. & A. in Support of Defs.'

Mot. to Dismiss or, Alternatively, for Summ. J. ("Defs.' Mem."), Kissell Decl. ¶ 2. The plaintiff

alleged that he has been "diagnosed by the [BOP] as having eight (8) different psychosises [sic]"

yet Dr. Mann, the psychologist assigned to his housing unit, "has not provided [him] with

therapy[.]" Compl. at 2. For this alleged "abuse of process" and violation of rights protected

under the Eighth Amendment to the United States Constitution, the plaintiff demanded damages

of $100,000 each from the BOP and from Dr. Mann. *Id*. at 1.

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Kissell Decl. ¶ 4. It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id*. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request] or if a response is not forthcoming within the time allotted for reply." *Id*. ¶ 5. The BOP's declarant states that, of the 26 formal complaints submitted by the plaintiff between May 19, 2016 and November 1, 2016, *id*. ¶ 7, four pertained to the events described in the complaint, *id*. ¶ 9. None of these four reached the Office of the General Counsel, however. *See id*. ¶¶ 8-9. During the relevant time period, only two of the plaintiff's administrative remedy requests reached the Office of the General Counsel, neither of which "involves the allegations set forth in the [c]omplaint." *Id*. ¶ 8. Based on his review of the plaintiff's requests, the declarant concludes that the plaintiff "did not exhaust his remedies as related to complaints against the defendants raised in the present case through the BOP's Administrative Remedy Program." *Id*. ¶ 10.

On June 20, 2016, the plaintiff filed an administrative tort claim "alleging that BOP had failed to provide proper mental health treatment since March 2016." *Id*. ¶ 11; *see* Defs.' Mem., Ex. 1. The BOP acknowledged receipt of the request on July 18, 2016, Kissell Decl. ¶ 12, and it denied the claim on August 18, 2016, *id*. ¶ 13; *see* Defs.' Mem., Ex. 2. The plaintiff filed this action in the Superior Court of the District of Columbia on June 16, 2016, and the defendants removed the case on September 26, 2016.

## II. DISCUSSION

The defendants filed their motion to dismiss or, alternatively, for summary judgment, on November 17, 2016. On that same date, the Court issued an Order advising the plaintiff of his

obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court.  *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).  Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendants' motion by December 19, 2016, the Court would treat the pending dispositive motion as conceded.  *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities).  To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to file an opposition, or advised the Court of any change of address.

Under these circumstances, the Court ordinarily would grant the defendants' motion as conceded.  The United States Court of Appeals for the District of Columbia Circuit has recently raised concerns, however, about the use of Local Civil Rule 7(b) to grant an unopposed motion to dismiss, *see Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016), and an unopposed motion for summary judgment, *see Winston & Strawn, LLP v. McLean*, No. 14-7197, __ F.3d __, __, 2016 WL 7174125, at *3 (D.C. Cir. Dec. 9, 2016). Despite acknowledging the value of Local Civil Rule 7(b) as an important "docket-management tool that facilitates efficient and effective resolution of motions," *Cohen*, 819 F.3d at 480 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (additional citation omitted)), the rule "stands in tension with . . . Rule 12(b)(6)," *id*. at 481, and "cannot be squared with . . . Rule 56," *Winston & Strawn*, 2016 WL 7174125, at *3.  In light of the D.C. Circuit's recent rulings, the Court briefly addresses the merits of the defendants' arguments.

The plaintiff's demand for monetary damages arises from the defendants' alleged failure to provide mental health treatment and the harm that resulted.  The Court treats the claim as one brought under the Federal Tort Claims Act ("FTCA") and accepts the representation that "Dr.

3

Mann was acting within the scope of her employment as an employee of the United States at the time of the alleged incidents."  Certification, ECF No. 7-1.  Further, the Court liberally construes the plaintiff's *pro se* pleading, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and overlooks the plaintiff's failure to name the United States as a party to this action, *see, e.g., Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute.  *See id*.  The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  Thus, a claimant may file suit against the United States for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).

There are limitations under and exceptions to the FTCA which doom the plaintiff's claim.  Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  "The FTCA bars claimants from bringing suit in federal

court until they have exhausted their administrative remedies," and the plaintiff's "fail[ure] to

heed that clear statutory command" warrants dismissal of his claim.  *McNeil v. United States*,

508 U.S. 106, 113 (1993).

The six-month period within which the BOP was obliged to respond to the plaintiff's

FTCA claim had not expired when the plaintiff initiated this lawsuit.  The defendants

demonstrate that the plaintiff filed his complaint in the Superior Court prematurely, *see* Kissell

Decl. ¶¶ 12-13, and thus failed to exhaust his administrative remedies.

If the Court were to conclude that the FTCA did not apply, the plaintiff's claim still

would be subject to dismissal for failure to exhaust the administrative remedies available to him

through the BOP's Administrative Remedy Program.  In relevant part, the Prison Litigation

Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined to any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory and "applies to all

inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516,

532 (2002) (citation omitted); *see Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (noting "that . . . a

court may not excuse a failure to exhaust, even to take [special] circumstances into account.").

Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply

with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal

court, regardless of the relief offered through the administrative process.  *See Woodford v. Ngo*,

548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, a prisoner may file a

civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.  *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

The defendants demonstrate that none of the administrative remedy requests submitted by the plaintiff between May 19, 2016 and November 1, 2016 pertained to mental health treatment the plaintiff allegedly received (or did not receive) at ADX Florence and/or had progressed through the final tier for review by the Office of General Counsel.  *See* Kissell Decl. ¶¶ 7-10. Therefore, the Court concludes that the plaintiff did not exhaust his administrative remedies under the FTCA because his filed the complaint too soon, and that he failed to exhaust his administrative remedies under PLRA because he failed to complete all four steps of the BOP's Administrative Remedy Program process.

Accordingly the Court the defendants' motion is granted.  An Order is issued separately.

DATE: January 10, 2017                    /s/ *Beryl A. Howell*

BERYL A. HOWELL
United States District Judge